```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
JERRY BENOIT, *pro se*,                              :
                                                     :     MEMORANDUM & ORDER ADOPTING
                            Petitioner,              :     REPORT & RECOMMENDATION
                                                     :
            -against-                                :     08-CV-4941 (DLI)(RER)
                                                     :
UNITED STATES OF AMERICA,                            :
                                                     :
                            Respondent.              :
----------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Jerry Benoit timely objected to the February 25, 2010 Report and Recommendation ("R&R") of the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, which recommended that the petition for a writ of habeas corpus under 28 U.S.C. § 2255 be denied in its entirety without a hearing.[1] Specifically, petitioner contests the R&R with respect to his claims of ineffective assistance of counsel during plea negotiations. (*See* Docket Entry No. 16 ("Pet'r Objections") at 1.) Petitioner contends that the court should reject this portion of the R&R on three grounds: (1) it does not consider a supplemental affidavit submitted with petitioner's objections; (2) it ignores a "reasonable probability that the court would have granted [petitioner] a downward adjustment for acceptance of responsibility" following a bench trial; and (3) it improperly credits the government's contention that it would not have agreed to such a bench trial. (*Id.* at ii.) Petitioner also argues that the entire R&R should be rejected, on the ground that it is generally inconsistent with the petition's allegations, arguments, and evidence. (*Id.*) For the reasons set forth below, the court concurs with the findings of the magistrate judge, and adopts the R&R in its entirety.

---

[1] Familiarity with the Report and Recommendation, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* Docket Entry No. 15 ("R&R").)

## DISCUSSION

### A. Standard of Review

When no objections to an R&R are made, the court may adopt the R&R, if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). "The clearly-erroneous standard also applies if a party makes only conclusory or general objections, or simply reiterates his original arguments." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citation and internal quotation marks omitted). When specific objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which the party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Employment and Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) (citation omitted).

### B. Ineffective Assistance of Counsel

The magistrate judge correctly enunciated the two-prong analysis applied to ineffective assistance claims. (*See* R&R 20–21 ("petitioner has to show (1) the counsel's performance fell

below an objective standard of reasonableness; and (2) petitioner was prejudiced by counsel's deficient acts or omissions") (citations and internal quotation marks omitted).) Regarding the first prong, a petitioner "must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a court, therefore, "should not second-guess trial counsel's defense strategy simply because the chosen strategy has failed." (*Id.* at 21 (citations and internal quotation marks omitted).) Regarding the second prong, the R&R cites *Rega v. United States* for the proposition that a petitioner must show "a reasonable probability that the [counsel's deficient performance] prejudiced the outcome." 263 F.3d 18, 21 (2d Cir. 2001). A failure to prove either prong is fatal to an ineffective assistance claim. (R&R 21 (collecting cases).)

1. **Reasonableness of Counsel's Performance**

The magistrate judge correctly applied the first prong of the aforementioned ineffective assistance standard in noting that advising petitioner to plead not guilty "may have been a reasonable strategy." (R&R 23.) As the R&R states, "without the benefit of hindsight, counsel may have been reasonable in his assessment of how the jury would weigh on the [police officers'] credibility [at trial]." (*Id.*); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984); *United States v. DiTomaso*, 817 F.2d 201, 215 (2d Cir. 1987). In other words, petitioner is unable to overcome the "strong presumption" that his attorney's pleading recommendation fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Accordingly, his ineffective assistance claim fails at the first prong of the analysis.

2. **Prejudice to Petitioner**

As the magistrate judge correctly noted, "[w]here a petitioner fails to prove one of the prongs of the *Strickland* test, his ineffective assistance claim must fail." (R&R 21 (citations

3

omitted).) Nevertheless, in an abundance of caution, this court examines the second prong. To show that he was prejudiced by the allegedly ineffective assistance of counsel, Benoit was required both to "indicate that he would have accepted a plea [offer] and proffer supporting objective evidence." (R&R 22 (citation and internal quotation marks omitted).) The magistrate judge noted, however, that Benoit had "not affirmatively stated, either in the form of an affidavit or otherwise, that he would have accepted the [government's proffered] plea." (*Id.* at 23.) In order to cure this defect, Benoit included a sworn affidavit with his objections, stating:

> During the pretrial process, I was never advised by counsel of the availability of 'a bench trial on stipulated facts' to contest the sufficiency of the evidence while, at the same time, preserving a chance to obtain a downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. . . . Had I been [so] advised . . . I would have asked counsel to move for the bench trial on stipulated facts[2] and would have accepted same if it had been made available.

(Docket Entry No. 16, at 3.)

First, this affirmation does not indicate that Benoit would have accepted a plea offer from the government as was necessary under the prejudice prong. Consenting to a bench trial is very different from pleading guilty and admitting culpability, as discussed in Part B.3, *infra*. Furthermore, as correctly noted by the magistrate judge, even if Benoit had waived his right to a jury trial, "he would not have been able to have a bench trial without the government's consent." (R&R 23–24 (citing FED. R. CRIM. P. 23(a)(2).) Indeed, the government asserts that it would *not* have consented to a bench trial. (*See* R&R 24.) It is further worth noting that court approval is also required for a bench trial. *See* FED. R. CRIM. P. 23(a)(3). Benoit argues that the magistrate judge improperly credited this government assertion. (*See* Pet'r Objections 5.) However, whether

---

[2] Petitioner does not identify the facts to which he would allegedly have stipulated. It is worth noting that the trial was essentially a matter of Benoit's credibility versus that of the arresting officers, and the court had found Benoit was not credible at a pre-trial suppression hearing.

the magistrate judge did so is irrelevant in light of the fact that, at a bench trial, "the government would have likely produced the same evidence" as in the jury trial that was held in this case.[3] Indeed, petitioner concedes he "would likely have been found guilty anyway" at a bench trial. (Pet'r Objections 4.)

Even an affirmation by petitioner that he would have accepted a plea offer would not constitute the objective evidence necessary to sustain his burden. *See Puglisi v. United States*, 586 F.3d 209, 218 (2d Cir. 2009); *see also United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998). There is simply no reason to credit such "self-serving, post-conviction testimony regarding his intent," *Gordon*, 156 F.3d at 380, over the affidavit filed by petitioner's attorney that stated he "fully advised Benoit of all the reasons both for and against pleading guilty," and had discussed with Benoit "the facts of the case, government's evidence, possible outcomes, and the benefits of accepting the government's plea offer." (R&R 23 (quoting Smith Aff. ¶ 3).) In sum, neither Benoit's contention that he would have consented to a bench trial, nor the government's contention that it would not have consented, establish that the *outcome* of such a bench trial would have been any different from that of the jury trial. Accordingly, petitioner cannot meet his burden of showing that he was prejudiced by his counsel's allegedly deficient performance. Thus, his *Strickland* claim fails at the second prong. *See* 466 U.S. at 687–90.

### 3. Downward Adjustment

Setting aside the *Strickland* analysis in Part B.1–2, *supra*, the premise of Benoit's ineffective assistance argument is fundamentally flawed. He claims that, but for his attorney's failure to advise him "of the availability of a bench trial on stipulated facts to contest the

---

[3] (*See* R&R 24 (summarizing physical evidence and testimony, and noting that court had already found one of government's witnesses credible at earlier suppression hearing).) Notably, Benoit did not address this point in his objections to the R&R.

sufficiency of the evidence," he might have benefitted from a "downward adjustment for acceptance of responsibility." (Pet'r Objections 3–4.) While the advisory sentencing guidelines do provide for a downward adjustment for acceptance of responsibility, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." UNITED STATES SENTENCING COMMISSION, GUIDELINES MANUAL § 3E1.1 (2006). "To qualify for an adjustment . . . a defendant must *offer to plead guilty* at a point . . . sufficiently early to allow the government to avoid preparing for trial and to permit the court to schedule its calendar efficiently." *United States v. Rogers*, 129 F.3d 76, 80 (2d Cir. 1997) (emphasis added). In the absence of such an offer to plead guilty, merely agreeing to a bench trial would not have relieved "the court or the government [of] the burdens of litigating the case." *Id.* at 81.

**C.     Other Objections to the R&R**

Petitioner claims that there are inconsistencies between the R&R and the allegations contained in his original petition. (Pet. 6.) However, he fails to elaborate on any of these alleged inconsistencies, and merely "restates and incorporates by reference each and every argument set forth [previously] as objections to the Magistrate Report & Recommendation." (*Id.*) As previously noted, "[t]he clearly-erroneous standard . . . applies if a party . . . simply reiterates his original arguments." *Preston*, 635 F. Supp. 2d at 269. The court has reviewed the remaining portions of the R&R for clear error and found none, and these portions are accordingly adopted in their entirety.

Finally, the court is in receipt of petitioner's letter dated April 12, 2010, which it liberally construes as an additional timely objection to the R&R. (*See generally* Docket Entry No. 17.) This letter attacks the credibility of the police officers who testified at trial. (*See generally id.*)

Notably, by decision issued April 9, 2008, the Second Circuit Court of Appeals affirmed petitioner's conviction in its entirety. *See generally United States v. Benoit*, 273 F. App'x 24 (2d Cir. 2008). The Circuit stated that "the entire defense strategy was predicated on attacking the police officers' credibility and arguing that they framed [Benoit] . . . ." *Id.* at 26. Credibility is an issue that unquestionably must be determined by the trier of fact, whether it is a jury or a judge, and, as such, it is entirely beyond the scope of habeas review. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996).

## CONCLUSION

For the reasons set forth above, the R&R is adopted in full and Benoit's petition for a writ of habeas corpus is denied in its entirety. Because petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying this petition would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.


Dated: Brooklyn, New York
      September 29, 2010

                                                    _____/s/_____
                                                      DORA L. IRIZARRY
                                              United States District Judge